05/24/16 10:07:09 Orange Cty DC Scanned by Denise

**CIVIL CASE INFORMATION SHEET**

FILED: 5/20/2016 4:44:35 PM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NUMBER *(FOR CLERK USE ONLY):* A160163-C        128th   Court *(FOR CLERK USE ONLY):* _____

STYLED Ricky Wayne Kirkland, Ind. and as Personal Rep of Estate of Terri Kirkland, Deceased v. Buckley Transport, Inc., et al
_____
          *(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Christopher Smith | Plaintiff(s)/Petitioner(s): See attached | [x] Attorney for Plaintiff/Petitioner<br>[ ] *Pro Se* Plaintiff/Petitioner<br>[ ] Title IV-D Agency<br>[ ] Other: _____ |
| **Email:** chris@smithlawfirmtx.com | | |
| **Address:** 1006 Green Avenue | Defendant(s)/Respondent(s): See attached | Additional Parties in Child Support Case:<br>Custodial Parent: |
| **Telephone:** (409) 886-7766 | | |
| **City/State/Zip:** Orange, TX 77630 | | Non-Custodial Parent: |
| **Fax:** (409) 886-7790 | | |
| **Signature:** | | Presumed Father: |
| **State Bar No:** 24002960 | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>[ ] Consumer/DTPA<br>[ ] Debt/Contract<br>[ ] Fraud/Misrepresentation<br>[ ] Other Debt/Contract:<br><br>*Foreclosure*<br>[ ] Home Equity—Expedited<br>[ ] Other Foreclosure<br>[ ] Franchise<br>[ ] Insurance<br>[ ] Landlord/Tenant<br>[ ] Non-Competition<br>[ ] Partnership<br>[ ] Other Contract: | [ ] Assault/Battery<br>[ ] Construction<br>[ ] Defamation<br>*Malpractice*<br>[ ] Accounting<br>[ ] Legal<br>[ ] Medical<br>[ ] Other Professional Liability:<br><br>[x] Motor Vehicle Accident<br>[ ] Premises<br>*Product Liability*<br>[ ] Asbestos/Silica<br>[ ] Other Product Liability List Product:<br><br>[ ] Other Injury or Damage: | [ ] Eminent Domain/ Condemnation<br>[ ] Partition<br>[ ] Quiet Title<br>[ ] Trespass to Try Title<br>[ ] Other Property: | [ ] Annulment<br>[ ] Declare Marriage Void<br>*Divorce*<br>[ ] With Children<br>[ ] No Children | [ ] Enforcement<br>[ ] Modification—Custody<br>[ ] Modification—Other |
| | | | | **Title IV-D** |
| | | | | [ ] Enforcement/Modification<br>[ ] Paternity<br>[ ] Reciprocals (UIFSA)<br>[ ] Support Order |
| | | **Related to Criminal Matters** | **Other Family Law** | **Parent-Child Relationship** |
| | | [ ] Expunction<br>[ ] Judgment Nisi<br>[ ] Non-Disclosure<br>[ ] Seizure/Forfeiture<br>[ ] Writ of Habeas Corpus— Pre-indictment<br>[ ] Other: | [ ] Enforce Foreign Judgment<br>[ ] Habeas Corpus<br>[ ] Name Change<br>[ ] Protective Order<br>[ ] Removal of Disabilities of Minority<br>[ ] Other: | [ ] Adoption/Adoption with Termination<br>[ ] Child Protection<br>[ ] Child Support<br>[ ] Custody or Visitation<br>[ ] Gestational Parenting<br>[ ] Grandparent Access<br>[ ] Parentage/Paternity<br>[ ] Termination of Parental Rights<br>[ ] Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| [ ] Discrimination<br>[ ] Retaliation<br>[ ] Termination<br>[ ] Workers' Compensation<br>[ ] Other Employment: | [ ] Administrative Appeal<br>[ ] Antitrust/Unfair Competition<br>[ ] Code Violations<br>[ ] Foreign Judgment<br>[ ] Intellectual Property | [ ] Lawyer Discipline<br>[ ] Perpetuate Testimony<br>[ ] Securities/Stock<br>[ ] Tortious Interference<br>[ ] Other: | | |
| **Tax** | **Probate & Mental Health** | | | |
| [ ] Tax Appraisal<br>[ ] Tax Delinquency<br>[ ] Other Tax | *Probate/Wills/Intestate Administration*<br>[ ] Dependent Administration<br>[ ] Independent Administration<br>[ ] Other Estate Proceedings | [ ] Guardianship—Adult<br>[ ] Guardianship—Minor<br>[ ] Mental Health<br>[ ] Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| [ ] Appeal from Municipal or Justice Court<br>[ ] Arbitration-related<br>[ ] Attachment<br>[ ] Bill of Review<br>[ ] Certiorari<br>[ ] Class Action | [ ] Declaratory Judgment<br>[ ] Garnishment<br>[ ] Interpleader<br>[ ] License<br>[ ] Mandamus<br>[ ] Post-judgment | [ ] Prejudgment Remedy<br>[ ] Protective Order<br>[ ] Receiver<br>[ ] Sequestration<br>[x] Temporary Restraining Order/Injunction<br>[ ] Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
[ ] Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
[ ] Less than $100,000 and non-monetary relief
[ ] Over $100, 000 but not more than $200,000
[ ] Over $200,000 but not more than $1,000,000
[x] Over $1,000,000

**EXHIBIT**

A
_____

Rev 2/13

05/24/16 10:07:10 Orange Cty DC Scanned by Denise

Cause No. A160163-C _____; Ricky Wayne Kirkland, Individually and as Personal Representative of the Estate of Terri Thompson Kirkland, Deceased vs. Buckley Transport, Inc., Buckley Transport Logistics, Inc., and Cravin Brock, Individually, in the _____ District Court of Orange County, Texas

<u>Civil Case Information Sheet - Names of Parties:</u>

Plaintiff(s)/Petitioner(s):     Ricky Wayne Kirkland, Individually and as Personal Representative of the Estate of Terri Thompson Kirkland, Deceased

Defendant(s)/Respondent(s):     Buckley Transport, Inc.
Buckley Transport Logistics, Inc.
Cravin Brock, Individually

# Orange County District Court

**801 W Division. Orange, 77630 TX. Phone: (409)882-7825 EXT**

## CASE HISTORY FOR CASE 160163-C
### RICKY WAYNE KIRKLAND ET AL VS.  BUCKLEY TRANSPORT INC ET AL

FILED DATE: 5/20/2016

CASE TYPE: C/MOTOR VEHICLE

STATUS: Active

JUDGE: 128th District Court

---

## CASE PARTIES:

| | |
|---|---|
| Plaintiff | KIRKLAND, RICKY WAYNE |
| Plaintiff Attorney | Smith, Christopher S |
| Defendant | BUCKLEY TRANSPORT INC |
| Defendant | BUCKLEY TRANSPORT LOGISTICS INC |
| Defendant | BROCK, CRAVIN |

## CASE HISTORY FOR CASE 160163-C

---

### KIRKLAND, RICKY WAYNE

| | | |
|---|---|---|
| | Current Age: Unknown | DOB: Unknown |
| | DL#: | SSN: 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 |
| | Total Paid: $ 310.00 | Balance Due: $ 0.00 |

| COST | AMOUNT | PAY PRIORITY |
|---|---|---|
| Action: PLAINTIFF'S ORIGINAL PETITION | | |
| COMP  PUB ACCT CV (DC) $50.00 | $50.00 | 20 |
| DISTRICT CLK'S FEE-CASE $50.00 | 50.00 | 50 |
| OR CTY SHERIFF FEE-CASE $5.00 | 5.00 | 50 |
| LAW LIBRARY FEES $20.00 | 20.00 | 50 |
| STENOGRAPHIC FEES $15.00 | 15.00 | 50 |
| COURTHOUSE SEC  FUND $5.00 | 5.00 | 50 |
| REC MGMT & PRES FD $5.00 | 5.00 | 50 |
| REC MGMT PRES FUND (CL-R) | 5.00 | 40 |
| JUDICIARY FEE | 42.00 | 30 |
| STATE FEE: IND LEGAL (CIVIL) | 10.00 | 30 |
| APPELLATE JUD SUPPORT FEE | 5.00 | 30 |
| DC DIGITIZE CT. R. | 10.00 | 40 |
| DC ARCHIVE | 10.00 | 40 |
| STATE E-FILING FEE (CV) $30.00 | 30.00 | 20 |
| Action: CITATION REQUESTED (STATE) (2) | | |
| DISTRICT CLERK FEES : GENERAL | 32.00 | 50 |
| Action: CITATION REQUESTED (HIGHWAY COMMISSION) | | |
| DISTRICT CLERK FEES : GENERAL | 16.00 | 50 |
| **Total:** | **$310.00** | |

| DATE | TIME | DESCRIPTION |
|---|---|---|
| 05/27/2016 | 11:15 am | Received payment of $48.00 from Christopher S Smith (EFILE) for RICKY WAYNE KIRKLAND. Printed receipt #498794. KIRKLAND, RICKY WAYNE |
| 05/26/2016 | 10:24 am | Received payment of $262.00 from Christopher S Smith (EFILE) for RICKY WAYNE KIRKLAND. Printed receipt #498727. KIRKLAND, RICKY WAYNE |
| 05/25/2016 | 10:24 am | Filing recorded: CITATION/S ISSUED + HIGHWAY COMMISSION BROCK, CRAVIN |

**CASE HISTORY FOR CASE 160163-C**

| | | |
|---|---|---|
| 05/25/2016 | 10:24 am | DENISES recorded the following Case Action Note: CRAVIN BROCK EMAILED TO CHRIS@SMITHLAWFIRMTX.COM 05-25-2016<br>BROCK, CRAVIN |
| 05/25/2016 | 10:23 am | Filing recorded: CITATION/S ISSUED +(2) SECRETARY OF STATE<br>BUCKLEY TRANSPORT INC |
| 05/25/2016 | 10:23 am | DENISES recorded the following Case Action Note: BUCKLEY TRANSPORT INC AND BUCKLEY TRANSPORT LOGISTICS EMAILED TO CHRIS@SMITHLAWFIRMTX.COM 05-25-2016<br>BUCKLEY TRANSPORT INC |
| 05/25/2016 | 10:21 am | Filing recorded: CITATION REQUESTED (HIGHWAY COMMISSION)<br>KIRKLAND, RICKY WAYNE |
| 05/24/2016 | 10:21 am | Filing recorded: CITATION REQUESTED (STATE) (2)<br>KIRKLAND, RICKY WAYNE |
| 05/24/2016 | 10:13 am | Filing recorded: REQ FOR PROCESS FORM<br>KIRKLAND, RICKY WAYNE |
| 05/24/2016 | 10:11 am | Filing recorded: E-FILE RECEIPT<br>KIRKLAND, RICKY WAYNE |
| 05/20/2016 | 10:06 am | Filing recorded: PLAINTIFF'S ORIGINAL PETITION<br>KIRKLAND, RICKY WAYNE |
| 05/20/2016 | 10:06 am | Filing recorded: CASE INFORMATION SHEET<br>KIRKLAND, RICKY WAYNE |
| 05/20/2016 | 10:02 am | Filing recorded: E-FILE RECEIPT<br>KIRKLAND, RICKY WAYNE |
| 05/20/2016 | 10:01 am | Filing recorded: *** E-FILED CASE ***<br>KIRKLAND, RICKY WAYNE |

**Edwards, David B.**

| | |
|---|---|
| **From:** | Denise Smith <dsmith@co.orange.tx.us> |
| **Sent:** | Wednesday, June 29, 2016 12:05 PM |
| **To:** | Edwards, David B. |
| **Subject:** | Cause No. A160163-C, Kirkland v. Buckley Transport - Request for Clerk's Records |
| **Attachments:** | edwards case history.pdf; edwards cis form.pdf |

Attached you will find the copies you requested.

Thank you
Denise Smith
409/882/7832

## Edwards, David B.

| | |
|---|---|
| **From:** | DoNotReply@certifiedpayments.net |
| **Sent:** | Wednesday, June 29, 2016 11:55 AM |
| **To:** | Edwards, David B. |
| **Subject:** | Certified Payments – Digital Receipt |

Dear Customer,

Your payment was successful.

Billing Details
--------------------------------------------------------

Name:         david edwards
Address:      6310 riverview way

        HOUSTON, TX  77057

Telephone:      7134640889

Bureau Name:      Orange County, TX District Clerk
Cause Number or Description of Payment:   160163-C ds history


Payment Amount:      $2.00
Convenience Fee:      $1.00
---------------------------------------

Total Payment:      $3.00


Payment method
--------------------------------------------------------------

Credit Card:         xxxxxxxxxxxx6001
Expiration Date:      xx/xxxx
Payment ID:         100139710039
Authorization Code:   286643


If you have any questions please contact Certified Payments at CustomerService@CertifiedPayments.net or call us at 1-866-539-2020.


Thank you,

Certified Payments

**Edwards, David B.**

| | |
|---|---|
| **From:** | DoNotReply@certifiedpayments.net |
| **Sent:** | Wednesday, June 29, 2016 12:02 PM |
| **To:** | Edwards, David B. |
| **Subject:** | Certified Payments - Digital Receipt |

Dear Customer,

Your payment was successful.

Billing Details
-----------------------------------------------------------

Name:        david edwards
Address:        6310 riverview way

        HOUSTON, TX  77057

Telephone:        7134640889

Bureau Name:        Orange County, TX District Clerk
Cause Number or Description of Payment:        160163-C ds copies


Payment Amount:        $2.00
Convenience Fee:        $1.00
-----------------------------------------

Total Payment:        $3.00


Payment method
-----------------------------------------------------------

Credit Card:        xxxxxxxxxxx6001
Expiration Date:        xx/xxxx
Payment ID:        100139710683
Authorization Code:        215769


If you have any questions please contact Certified Payments at CustomerService@CertifiedPayments.net or call us at 1-866-539-2020.


Thank you,

Certified Payments



**LeCLAIRRYAN**

June 30, 2016

Ms. Vickie Edgerly                                          *Via E-file*
Orange County, District Clerk
801 West Division Avenue
Orange, Texas 77630

Re:    Cause No. A160163-C; *Ricky Wayne Kirkland, Individually and as Personal*
       *Representative of the Estate of Terri Thompson, Deceased  v. Buckley Transport, Inc.,*
       *Buckley Transport Logistics, Inc., and Cravin Brock, Individually;* In the 128th Judicial
       District Court of Orange County, Texas.

Dear Clerk:

       I request that you send me a certified copy of the state court docket sheet, also known as
your Case History, in the above captioned case and cause number. I have been advised that the
Case History is 2 pages. The appropriate fee has been paid through the E-file system.

       Kindly forward the certified copy to my attention at the below address.

       Thank you for your time and attention. Please let me know if you have any questions.

                                        Sincerely,

                                        Maria L. Fox

MLF:DBE
Enclosures

E-mail: Maria.Fox@leclairryan.com                    1233 West Loop South, Suite 1000
Direct Phone: 713.752.8347                                    Houston, Texas 77027
                                          Phone: 713-654-1111 \ Fax: 713-650-0027

CALIFORNIA\ COLORADO \ CONNECTICUT \ MARYLAND \ MASSACHUSETTS \ MICHIGAN \ NEVADA
NEW JERSEY \ NEW YORK \ PENNSYLVANIA \ TEXAS \ VIRGINIA \ WASHINGTON, D.C.

ATTORNEYS AT LAW \ WWW.LECLAIRRYAN.COM

**LaBorde, Kathy A.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, June 30, 2016 12:44 PM |
| **To:** | LaBorde, Kathy A. |
| **Subject:** | eFileTexas.gov - Filing Submitted - 11420932 |



# Filing Submitted
### Envelope Number: **11420932**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Orange County |
| **Date/Time Submitted:** | 6/30/2016 12:43:49 PM CDT |
| **Filing Type:** | Request |
| **Activity Requested:** | EFileAndServe |
| **Filed By:** | Kathy Laborde |

| Fee Details |
|---|
| This envelope is pending review and fees may change. |

| | | | |
|---|---|---|---|
| Case Fee Information | | | $0.06 |
| Payment Service Fees | | | $0.06 |
| Request | | | $2.00 |
| • Optional Services | Fee Per | Quantity | |
| • Copies - Certified | $1.00 | 2 | $2.00 |

**Total:** $2.06 (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead File:** | Ltr. to District Clerk requesting certified copy of state court docket sheet.pdf |
| **Lead File Page Count:** | 1 |
| **File Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=20ad4df2-a4c3-437a-b79b-30571c7defdf<br>This link is active for 35 days. |

**Contact your service provider with any questions**

Need Help? Help
Visit: https://efiletexas.gov/contacts.htm
Email: support@eFileTexas.gov

Please do not reply to this email. It was generated automatically by eFileTexas.gov

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0061 6751

**Return Receipt (Electronic)**

2016266657-2

Buckley Transport Logistics Inc
Registered Agent, Stacy Lynn Buckley
197 Airport Road
Columbia, MS 39429

---

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

June 7, 2016

Buckley Transport Logistics Inc
Registered Agent, Stacy Lynn Buckley
197 Airport Road
Columbia, MS 39429

| 2016-266657-2 |
| Include reference number in |
| all correspondence |

RE:  Ricky Wayne Kirkland, et al VS Buckley Transport Inc, et al
       128th Judicial District Court Of Orange County, Texas
       Cause No: 160163C

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on May
31, 2016.

CERTIFIED MAIL #71901046470100616751

Refer correspondence to:

Christopher S. Smith
Smith Law Firm, PLLC
1006 Green Avenue
Orange, TX 77630

Sincerely,

*Venita Okpegbue*

Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure

CIVIL CITATION - CITCVOWD

## THE STATE OF TEXAS

TO:   BUCKLEY TRANSPORT LOGISTICS INC
      STACY GLYNN BUCKLEY
      197 AIRPORT ROAD
      COLUMBIA, MS    39429

**BY SERVING THE SECRETARY OF THE STATE OF TEXAS, AUSTIN TEXAS**

Defendant, **NOTICE:**

. YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said    **PLAINTIFF'S ORIGINAL PETITION AND APLLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**
was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on MAY 23, 2016 in the following styled and numbered cause:

**CAUSE NO.  160163-C**

**RICKY WAYNE KIRKLAND ET AL VS.  BUCKLEY TRANSPORT INC ET AL**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
                    **CHRISTOPHER SMITH**
                    **1006 GREEN AVENUE**
                    **ORANGE, TEXAS 77630**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this May 25, 2016.

**VICKIE EDGERLY, District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

**RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock_____, M and executed in _____ County, Texas, at _____ o'clock____.M on the _____day of _____ 20___, by delivering,   in   accordance   with   the   requirements   of   law,   to   the   within   named

In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant_____._____

RECEIVED
SECRETARY OF STATE

the diligence used to execute being _____
the cause of failure to execute is _____          MAY 3 1 2016
the defendant may be found _____

Service of Process

TOTAL FEES: _____          BY: _____

266657 2

FILED: 5/20/2016 4:44:35 PM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NO. A160163-C

| | |
|---|---|
| RICKY WAYNE KIRKLAND, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND, DECEASED | § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | ORANGE COUNTY, TEXAS |
| BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC., and CRAVIN BROCK, INDIVIDUALLY | § § § § | 128th ___ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now RICKY WAYNE KIRKLAND, INDIVIDUALLY, AND AS PERSONAL

REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND,

DECEASED, complaining of Defendants BUCKLEY TRANSPORT, INC., BUCKLEY

TRANSPORT LOGISTICS, INC., (hereinafter referred to as "BUCKLEY

TRANSPORT"), and CRAVIN BROCK, INDIVIDUALLY (collectively referred to as

Defendants), in support thereof would respectfully show the Court as follows:

I.

### DISCOVERY CONTROL PLAN

Plaintiff intend to conduct discovery under Level 3 of Texas Rule of Civil

Procedure 190.

II.

### PARTIES

Plaintiff is a resident of Orange County, Texas.

Defendant, BUCKLEY TRANSPORT, INC. is a Mississippi company doing

Page 1

business in the State of Texas, but does not have a registered agent listed with the

State of Texas Secretary of State.  Plaintiff alleges that the Secretary of State for the

State of Texas is the agent for service on the nonresident defendant BUCKLEY

TRANSPORT, INC. because nonresident Defendant BUCKLEY TRANSPORT, INC.

engaged in business in Texas, the nonresident Defendant BUCKLEY TRANSPORT,

INC. does not maintain a regular place of business in Texas, the nonresident Defendant

BUCKLEY TRANSPORT, INC. does not have a designated agent for service of

process, and the lawsuit arises out of the nonresident Defendant BUCKLEY

TRANSPORT, INC.'s business in Texas.  Therefore, Plaintiff requests that Defendant

BUCKLEY TRANSPORT, INC. be served with process through the Secretary of State

of Texas by U. S. certified mail, return receipt requested, on the Secretary of State of

Texas, Statutory Documents Section - Citations Unit, P. O. Box 12079, Austin, TX

78711-2979, who will forward the process for service on Defendant BUCKLEY

TRANSPORT, INC.'s registered agent (according to the Mississippi Secretary of State)

Stacy Glynn Buckley, 197 Airport Road, P. O. Box 907, Columbia, MS 39429.

Defendant, BUCKLEY TRANSPORT LOGISTICS, INC. is a Mississippi company

doing business in the State of Texas, but does not have a registered agent listed with

the State of Texas Secretary of State.  Plaintiff alleges that the Secretary of State for

the State of Texas is the agent for service on the nonresident defendant BUCKLEY

TRANSPORT LOGISTICS, INC. because nonresident Defendant BUCKLEY

TRANSPORT LOGISTICS, INC. engaged in business in Texas, the nonresident

Defendant BUCKLEY TRANSPORT LOGISTICS, INC. does not maintain a regular

place of business in Texas, the nonresident Defendant BUCKLEY TRANSPORT

LOGISTICS, INC. does not have a designated agent for service of process, and the lawsuit arises out of the nonresident Defendant BUCKLEY TRANSPORT LOGISTICS, INC.'s business in Texas. Therefore, Plaintiff requests that Defendant BUCKLEY TRANSPORT LOGISTICS, INC. be served with process through the Secretary of State of Texas by U. S. certified mail, return receipt requested, on the Secretary of State of Texas, Statutory Documents Section - Citations Unit, P. O. Box 12079, Austin, TX 78711-2979, who will forward the process for service on Defendant BUCKLEY TRANSPORT LOGISTICS, INC.'s registered agent (according to the Mississippi Secretary of State) Stacy Glynn Buckley, 197 Airport Road, P. O. Box 907, Columbia, MS 39429.

Defendant, CRAVIN BROCK, INDIVIDUALLY, was a resident of Magnolia, Mississippi, at the time of the motor vehicle collision made the basis of this lawsuit. The Court has jurisdiction over Defendant because Defendant committed a tort in Texas having his disabled 1998 Peterbilt tractor trailer in the travel lane in an unsafe manner on a roadway in the State of Texas, which caused the collision made the basis of this suit. Defendant may be served at his last known residence at 1015 Brock Lane, Magnolia, Mississippi 39652, with service of process by U. S. registered mail, return receipt requested, on Tryon D. Lewis, Commissioner and Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701, in accordance with §17.061 *et seq*, Texas Civil Practice and Remedies Code.

III.

## CLAIM FOR RELIEF

Pursuant to TRCP Rule 47(c), Plaintiff is seeking monetary relief over

$1,000,000.00.   If circumstances reveal otherwise, Plaintiff will amend his petition to so reflect.

IV.

### JURISDICTION AND VENUE

The damages in this case, exclusive of interest and costs, are within the jurisdictional limits of this Court.

This Court has jurisdiction over Defendants as the acts and/or omissions giving rise to this suit occurred in Orange County, Texas, and Defendants subjected themselves to the jurisdiction of this Court by operating a motor vehicle within the Court's jurisdiction.

Venue is proper in Orange County because all or a substantial part of the events giving rise to this cause of action occurred in Orange County, Texas.

V.

### FACTS

On February 29, 2016, Plaintiff Ricky Wayne Kirkland and his wife, Terri Thompson Kirkland, were traveling on North Lutcher Drive (feeder road to IH-10) in Orange, Orange County, Texas.  Ricky Wayne Kirkland was driving his wife to work for her evening shift at Moz's Grill located at the intersection of North Lutcher Drive and MLK Drive in Orange, Texas.

CRAVIN BROCK was the operator of the 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) with the attached 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) which were owned by Defendants BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. and/or CRAVIN BROCK,

Page 4

INDIVIDUALLY.  Defendants' tractor trailer was parked in the 4000 block of N. Lutcher

Drive and was in the outer lane of travel on the frontage road at or around 11:00 p.m.

Because Defendants' tractor-trailer were not marked nor well lit, Plaintiff Ricky Wayne

Kirkland did not see Defendants' unmarked tractor-trailer and collided into the back of

the tractor trailer truck.  The impact caused serious injuries to Plaintiff Ricky Wayne

Kirkland, and fatal injuries to his wife, Terri Thompson Kirkland.

  As a result of the accident, Plaintiff Ricky Wayne Kirkland, Individually, received

severe injuries to his back, neck, leg, hip, head, and body generally.  Terri Thompson

Kirkland's injuries caused by this accident resulted in her death on March 30, 2016.

Ricky Wayne Kirkland and Terri Thompson Kirkland's injuries were proximately caused

by the negligence of Defendants.

VI.

### AGENCY AND/OR SPECIAL RELATIONSHIP

  Furthermore, at the time and place of the occurrence in question, Defendant

CRAVIN BROCK was the driver of the tractor-trailer while in the course and scope of

his employment for BUCKLEY TRANSPORT.  Accordingly, BUCKLEY TRANSPORT is

liable herein for the acts and omissions of CRAVIN BROCK under the doctrine of

*respondeat superior.*  Moreover, pursuant to state and federal law, as a motor carrier,

BUCKLEY TRANSPORT is directly and/or statutorily liable for the negligent acts and/or

omissions of its drivers.  Accordingly, BUCKLEY TRANSPORT is liable for the acts

and/or omissions of CRAVIN BROCK at the time of the occurrence in question, for

which both said Defendants are jointly and severally liable for any and all damages

resulting from the occurrence in question.  Or, stating in the alternative, Defendants'

negligently entrusted the tractor and trailer to Defendant CRAVIN BROCK, an unsafe driver.

VII.

## PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

Plaintiff would show that Defendants were guilty of certain acts of negligence at the time of the incident in question, which proximately caused the injuries of Plaintiff, such acts of negligence.

At the time of the occurrence in question, Defendant CRAVIN BROCK was guilty of the following acts of negligence, each of which is a separate act of negligence and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

1) Parking in a traffic lane;

2) Failing to pull over to a safe location;

3) Failing to warn the motoring public of his presence in a main lane of travel; and

4) Other acts and omissions which may be added as discovery progresses.

Each and all of the above and foregoing acts, both omission and commission, whether taken together and/or separately, are considered negligence, as that term is understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

## VIII.

## GROSS NEGLIGENCE

Plaintiff further contends that the acts and omissions above constitute gross negligence since when viewed objectively from the Defendants' standpoint at the time of the occurrence, they involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.

## IX.

## DAMAGES OF PLAINTIFF RICKY WAYNE KIRKLAND, INDIVIDUALLY

Plaintiff RICKY WAYNE KIRKLAND suffered severe personal injuries as a proximate result of the negligent acts and/or omissions of the Defendants.  Plaintiff would show that as a result of his injuries, Plaintiff required medical treatment to evaluate and treat his medical conditions and pain, and will require additional medical treatment in the future.   Additionally, Plaintiff has pain and discomfort and mental anguish for which he should also be compensated in a reasonable amount to be set by the jury. Therefore, Plaintiff will seek to recover all damages as allowed by law, including damages to compensate Plaintiff for the following:

1.   Physical pain and mental suffering in the past;

2.   Physical pain and mental suffering in the future;

3.   Medical expenses in the past;

4.   Medical expenses in the future;

5.   Physical impairment in the past and in the future;

6.   Physical disfigurement in the past and in the future.

Page 7

7.    Lost earnings in the past; and

8.    Damage to earning capacity in the future.

## X.

### SURVIVORSHIP CLAIM

As a result of the injuries caused to Decedent Terri Thompson Kirkland, Decedent suffered conscious physical pain and suffering, mental anguish, physical impairment and incapacity and emotional distress prior to her death as her condition and fear continued to worsen.  Her estate sustained healthcare, funeral and burial expenses as a result of her negligent injuries and death.  The estate sues for all these damages under the Texas Survivorship Statute.  Ricky Wayne Kirkland is the proper representative of the Decedent's estate.

## XI.

### WRONGFUL DEATH CLAIM

As a result of the death of Decedent, Plaintiff has sustained loss of companionship and society for the loss of the positive benefits flowing from the love, comfort, companionship and society that Plaintiff would in reasonable probability have received from Decedent had she lived and, in reasonable probability, will continue to suffer such losses in the future.  Plaintiff has suffered a loss of household and domestic services as a result of the death of Terri Thompson Kirkland.

As a result of the death of Terri Thompson Kirkland, Plaintiff has suffered mental anguish in the form of the emotional pain, torment and suffering experienced because of Terri Thompson Kirkland's death, and in reasonable probability, will continue to suffer mental anguish in the future.

Plaintiff, as statutory beneficiary under the Texas Wrongful Death Statute, sues for all pecuniary losses, including but not limited to loss of earning capacity past and future, loss of inheritance, loss of all reasonable contributions of pecuniary value, loss of companionship, advice, society, counsel, maintenance, support, and mental anguish under said statute.

## XII.

### ACTUAL AND EXEMPLARY DAMAGES

Plaintiff seeks punitive or  exemplary damages against defendants in the  maximum amount allowed by law or in such other amount as a jury determines appropriate as well as Plaintiff's full actual damages against said defendants for wrongful death claims of the survival damages from the claims of the estate of Plaintiff's wife.

## XIII.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's application for a Temporary Restraining Order is authorized by Tex. Civ. Pract. & Remedies Code §65.011, subsections (1), (2), and/or (5).  Following are the facts which necessitate such injunctive relief:

On May 16, 2016 experts for Plaintiff and Defendants inspected the tractor and trailer involved in the accident in Columbia, Mississippi.  Unfortunately, while Plaintiff's expert made every attempt, not all elements of the inspection were able to be accomplished that day.  Counsel for Defendant agreed to hold the truck for 48 hours after the inspection.  On May 18th, counsel for Plaintiff provided counsel for Defendant

with a letter requesting that the 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) and the 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) involved in this collision be held an additional week and requesting various items be preserved i.e. the alternator, the battery, the rear LED lights of the trailer, and the SD card from the tractor's GPS unit. These requests by Plaintiff went unacknowledged by counsel for Defendant. The information sought to be preserved is potentially vital evidence in the case.

Plaintiff is willing to post bond.

XIV.

If Plaintiff's application is not granted, harm is imminent because evidence of the cause of Plaintiff's damages and the party or parties responsible will be destroyed, removed, altered, or otherwise rendered unusable as evidence. The harm that will result if this temporary restraining order is not issued is irreparable because Plaintiff, without the evidence as it presently is found, will be unable to reconstruct and determine the cause of the accident and other contributing conditions. Plaintiff has no adequate remedy at law if such evidence is destroyed, removed, altered or otherwise rendered unusable for the above-stated reasons. The property and rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by the Defendants' conduct. There is insufficient time to serve notice on the Defendants and hold a hearing on the application. Plaintiff stands willing and able to post bond.

The restraining order should be entered ex parte because there is not enough time to serve notice on Defendants and to hold a hearing on this application because the tractor and trailer may already be released.

Page 10

XV.

## REQUEST FOR TEMPORARY INJUNCTION

Plaintiff asks the Court to set Plaintiff's Application for Temporary Injunction for hearing no later than 14 days from the signing of this Restraining Order and, after the hearing, issue a temporary injunction against Defendants, BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. ordering preservation of the following:

1)    The 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) and the 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) believed to be owned by BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC., and/or CRAVIN BROCK, INDIVIDUALLY, involved in the accident in question, and the alternator, the battery, the rear LED lights of the trailer, and the SD card from the tractor's GPS unit.

Plaintiff has joined all indispensable parties under Tex.R. Civ. P. 39.

XVI.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

XVII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff RICKY WAYNE KIRKLAND, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND, DECEASED prays that a Temporary Restraining Order be issued against Defendants BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. and CRAVIN BROCK, INDIVIDUALLY, which specifically restrains them from conducting any testing, downloading, and removal of equipment on the tractor

trailer in question and/or put it back into service; that Plaintiff have judgment against the

Defendant; that Plaintiff recover actual damages in an amount within the jurisdictional

amounts of this honorable Court, that Plaintiff have pre-judgment interest at the

maximum legal rate and post-judgment at the maximum legal rate; that Plaintiff recover

his costs of Court in this action expended; that Defendants be cited to appear and

answer this petition, and for such other relief to which Plaintiff may be entitled.

Respectfully submitted,

By _____

Christopher S. Smith
State Bar No. 24002960
SMITH LAW FIRM, P.L.L.C.
1006 Green Avenue
Orange, TX 77630
TEL  (409) 886-7766
FAX (409) 886-7790
chris@smithlawfirmtx.com

and

Stephen C. Howard
State Bar No. 10079400
Law Office of Stephen C. Howard
903 Green Avenue
Orange, TX 77630
TEL (409) 883-0202
FAX (409) 883-0209
steve@stevehowardlaw.com

ATTORNEYS FOR PLAINTIFF RICKY WAYNE
KIRKLAND, INDIVIDUALLY, AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF TERRI THOMPSON KIRKLAND,
DECEASED

Secretary of State
Service of Process
P.O. Box 12079
Austin, Texas 78711-2079



7190 1046 4701 0061 6751

**Return Receipt (Electronic)**

2016266657-2

Buckley Transport Logistics Inc
Registered Agent, Stacy Lynn Buckley
197 Airport Road
Columbia, MS 39429

---

CUT / FOLD HERE

# The State of Texas



Service of Process
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

## Secretary of State

June 7, 2016

Buckley Transport Logistics Inc
Registered Agent, Stacy Lynn Buckley
197 Airport Road
Columbia, MS 39429

> **2016-266657-2**
> Include reference number in
> all correspondence

RE:   Ricky Wayne Kirkland, et al VS Buckley Transport Inc, et al
       128th Judicial District Court Of Orange County, Texas
       Cause No: 160163C

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt
requested, a copy of process received by the Secretary of State of the State of Texas on May
31, 2016.

CERTIFIED MAIL #71901046470100616751

Refer correspondence to:

Christopher S. Smith
Smith Law Firm, PLLC
1006 Green Avenue
Orange, TX 77630

Sincerely,



Venita Okpegbue
Team Leader, Service of Process
GF/lc
Enclosure

CIVIL CITATION - CITCVOWD

## THE STATE OF TEXAS

TO:   BUCKLEY TRANSPORT LOGISTICS INC
      STACY GLYNN BUCKLEY
      197 AIRPORT ROAD
      COLUMBIA, MS   39429

BY SERVING THE SECRETARY OF THE STATE OF TEXAS, AUSTIN TEXAS

Defendant, **NOTICE:**

. **YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Said **ANSWER** may be filed with the District Clerk's Office, Orange County Courthouse, 801 W Division Ave, Orange Texas 77630.

Said   **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**
was filed and docketed in the Honorable 128th District Court of Orange County, Texas at the District Clerk's Office at the Orange County Courthouse, 801 W Division Ave, Orange, Texas on MAY 23, 2016 in the following styled and numbered cause:

**CAUSE NO.  160163-C**

**RICKY WAYNE KIRKLAND ET AL VS.  BUCKLEY TRANSPORT INC ET AL**

The name and address of the attorney for plaintiff otherwise the address of Plaintiff is:
      **CHRISTOPHER SMITH**
      **1006 GREEN AVENUE**
      **ORANGE, TEXAS 77630**
**ISSUED AND GIVEN** under my hand and seal of said Court at Orange, Texas, this May 25, 2016.

VICKIE EDGERLY, **District Clerk**
Orange County, Texas

*Vickie Edgerly*

---

**RETURN**

Came to hand on the _____ day of _____, 20___, at _____ o'clock____, M and executed in _____ County, Texas, at _____ o'clock ____.M on the _____ day of _____ 20___, by delivering, in accordance with the requirements of law, to the within named

In person, a true copy of this citation together with the accompanying copy of the petition, having first endorsed thereon the date of delivery.

And not executed as to the defendant_____.

**RECEIVED**
~~SECRETARY OF STATE~~

the diligence used to execute being _____
the cause of failure to execute is _____
the defendant may be found _____

~~MAY 3 1 2016~~

~~Service of Process~~

TOTAL FEES: _____          BY: _____

266657 -2-

FILED: 5/20/2016 4:44:35 PM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NO. A160163-C

| | | |
|---|---|---|
| RICKY WAYNE KIRKLAND, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND, DECEASED | § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | ORANGE COUNTY, TEXAS |
| BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC., and CRAVIN BROCK, INDIVIDUALLY | § § § § | 128th ___ JUDICIAL DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES now RICKY WAYNE KIRKLAND, INDIVIDUALLY, AND AS PERSONAL

REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND,

DECEASED, complaining of Defendants BUCKLEY TRANSPORT, INC., BUCKLEY

TRANSPORT LOGISTICS, INC., (hereinafter referred to as "BUCKLEY

TRANSPORT"), and CRAVIN BROCK, INDIVIDUALLY (collectively referred to as

Defendants), in support thereof would respectfully show the Court as follows:

I.

### DISCOVERY CONTROL PLAN

Plaintiff intend to conduct discovery under Level 3 of Texas Rule of Civil

Procedure 190.

II.

### PARTIES

Plaintiff is a resident of Orange County, Texas.

Defendant, BUCKLEY TRANSPORT, INC. is a Mississippi company doing

Page 1

business in the State of Texas, but does not have a registered agent listed with the State of Texas Secretary of State.  Plaintiff alleges that the Secretary of State for the State of Texas is the agent for service on the nonresident defendant BUCKLEY TRANSPORT, INC. because nonresident Defendant BUCKLEY TRANSPORT, INC. engaged in business in Texas, the nonresident Defendant BUCKLEY TRANSPORT, INC. does not maintain a regular place of business in Texas, the nonresident Defendant BUCKLEY TRANSPORT, INC. does not have a designated agent for service of process, and the lawsuit arises out of the nonresident Defendant BUCKLEY TRANSPORT, INC.'s business in Texas.  Therefore, Plaintiff requests that Defendant BUCKLEY TRANSPORT, INC. be served with process through the Secretary of State of Texas by U. S. certified mail, return receipt requested, on the Secretary of State of Texas, Statutory Documents Section - Citations Unit, P. O. Box 12079, Austin, TX 78711-2979, who will forward the process for service on Defendant BUCKLEY TRANSPORT, INC.'s registered agent (according to the Mississippi Secretary of State) Stacy Glynn Buckley, 197 Airport Road, P. O. Box 907, Columbia, MS 39429.

Defendant, BUCKLEY TRANSPORT LOGISTICS, INC. is a Mississippi company doing business in the State of Texas, but does not have a registered agent listed with the State of Texas Secretary of State.  Plaintiff alleges that the Secretary of State for the State of Texas is the agent for service on the nonresident defendant BUCKLEY TRANSPORT LOGISTICS, INC. because nonresident Defendant BUCKLEY TRANSPORT LOGISTICS, INC. engaged in business in Texas, the nonresident Defendant BUCKLEY TRANSPORT LOGISTICS, INC. does not maintain a regular place of business in Texas, the nonresident Defendant BUCKLEY TRANSPORT

Page 2

LOGISTICS, INC. does not have a designated agent for service of process, and the lawsuit arises out of the nonresident Defendant BUCKLEY TRANSPORT LOGISTICS, INC.'s business in Texas. Therefore, Plaintiff requests that Defendant BUCKLEY TRANSPORT LOGISTICS, INC. be served with process through the Secretary of State of Texas by U. S. certified mail, return receipt requested, on the Secretary of State of Texas, Statutory Documents Section - Citations Unit, P. O. Box 12079, Austin, TX 78711-2979, who will forward the process for service on Defendant BUCKLEY TRANSPORT LOGISTICS, INC.'s registered agent (according to the Mississippi Secretary of State) Stacy Glynn Buckley, 197 Airport Road, P. O. Box 907, Columbia, MS 39429.

Defendant, CRAVIN BROCK, INDIVIDUALLY, was a resident of Magnolia, Mississippi, at the time of the motor vehicle collision made the basis of this lawsuit. The Court has jurisdiction over Defendant because Defendant committed a tort in Texas having his disabled 1998 Peterbilt tractor trailer in the travel lane in an unsafe manner on a roadway in the State of Texas, which caused the collision made the basis of this suit. Defendant may be served at his last known residence at 1015 Brock Lane, Magnolia, Mississippi 39652, with service of process by U. S. registered mail, return receipt requested, on Tryon D. Lewis, Commissioner and Chairman of the Texas Transportation Commission, 125 East 11th Street, Austin, Texas 78701, in accordance with §17.061 *et seq*, Texas Civil Practice and Remedies Code.

III.

### CLAIM FOR RELIEF

Pursuant to TRCP Rule 47(c), Plaintiff is seeking monetary relief over

$1,000,000.00.   If circumstances reveal otherwise, Plaintiff will amend his petition to so reflect.

IV.

JURISDICTION AND VENUE

The damages in this case, exclusive of interest and costs, are within the jurisdictional limits of this Court.

This Court has jurisdiction over Defendants as the acts and/or omissions giving rise to this suit occurred in Orange County, Texas, and Defendants subjected themselves to the jurisdiction of this Court by operating a motor vehicle within the Court's jurisdiction.

Venue is proper in Orange County because all or a substantial part of the events giving rise to this cause of action occurred in Orange County, Texas.

V.

FACTS

On February 29, 2016, Plaintiff Ricky Wayne Kirkland and his wife, Terri Thompson Kirkland, were traveling on North Lutcher Drive (feeder road to IH-10) in Orange, Orange County, Texas.  Ricky Wayne Kirkland was driving his wife to work for her evening shift at Moz's Grill located at the intersection of North Lutcher Drive and MLK Drive in Orange, Texas.

CRAVIN BROCK was the operator of the 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) with the attached 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) which were owned by Defendants BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. and/or CRAVIN BROCK,

INDIVIDUALLY.  Defendants' tractor trailer was parked in the 4000 block of N. Lutcher

Drive and was in the outer lane of travel on the frontage road at or around 11:00 p.m.

Because Defendants' tractor-trailer were not marked nor well lit, Plaintiff Ricky Wayne

Kirkland did not see Defendants' unmarked tractor-trailer and collided into the back of

the tractor trailer truck.  The impact caused serious injuries to Plaintiff Ricky Wayne

Kirkland, and fatal injuries to his wife, Terri Thompson Kirkland.

As a result of the accident, Plaintiff Ricky Wayne Kirkland, Individually, received

severe injuries to his back, neck, leg, hip, head, and body generally.  Terri Thompson

Kirkland's injuries caused by this accident resulted in her death on March 30, 2016.

Ricky Wayne Kirkland and Terri Thompson Kirkland's injuries were proximately caused

by the negligence of Defendants.

VI.

**AGENCY AND/OR SPECIAL RELATIONSHIP**

Furthermore, at the time and place of the occurrence in question, Defendant

CRAVIN BROCK was the driver of the tractor-trailer while in the course and scope of

his employment for BUCKLEY TRANSPORT.  Accordingly, BUCKLEY TRANSPORT is

liable herein for the acts and omissions of CRAVIN BROCK under the doctrine of

*respondeat superior*.  Moreover, pursuant to state and federal law, as a motor carrier,

BUCKLEY TRANSPORT is directly and/or statutorily liable for the negligent acts and/or

omissions of its drivers.  Accordingly, BUCKLEY TRANSPORT is liable for the acts

and/or omissions of CRAVIN BROCK at the time of the occurrence in question, for

which both said Defendants are jointly and severally liable for any and all damages

resulting from the occurrence in question. Or, stating in the alternative, Defendants'

Page 5

negligently entrusted the tractor and trailer to Defendant CRAVIN BROCK, an unsafe driver.

VII.

PLAINTIFF'S CAUSES OF ACTION AGAINST DEFENDANTS

Plaintiff would show that Defendants were guilty of certain acts of negligence at the time of the incident in question, which proximately caused the injuries of Plaintiff, such acts of negligence.

At the time of the occurrence in question, Defendant CRAVIN BROCK was guilty of the following acts of negligence, each of which is a separate act of negligence and a proximate cause of the occurrence made the basis of this lawsuit, as well as all resulting losses, suffering, and damages hereinafter alleged:

1)   Parking in a traffic lane;

2)   Failing to pull over to a safe location;

3)   Failing to warn the motoring public of his presence in a main lane of travel; and

4)   Other acts and omissions which may be added as discovery progresses.

Each and all of the above and foregoing acts, both omission and commission, whether taken together and/or separately, are considered negligence, as that term is understood in the law, and a proximate cause of the occurrence made the basis of this lawsuit.

## VIII.

## GROSS NEGLIGENCE

Plaintiff further contends that the acts and omissions above constitute gross

negligence since when viewed objectively from the Defendants' standpoint at the

time of the occurrence, they involved an extreme degree of risk, considering the

probability and magnitude of the potential harm to others.

## IX.

## DAMAGES OF PLAINTIFF RICKY WAYNE KIRKLAND, INDIVIDUALLY

Plaintiff RICKY WAYNE KIRKLAND suffered severe personal injuries as a

proximate result of the negligent acts and/or omissions of the Defendants.  Plaintiff

would show that as a result of his injuries, Plaintiff required medical treatment to

evaluate and treat his medical conditions and pain, and will require additional medical

treatment in the future.   Additionally, Plaintiff has pain and discomfort and mental

anguish for which he should also be compensated in a reasonable amount to be set by

the jury. Therefore, Plaintiff will seek to recover all damages as allowed by law, including

damages to compensate Plaintiff for the following:

1. Physical pain and mental suffering in the past;

2. Physical pain and mental suffering in the future;

3. Medical expenses in the past;

4. Medical expenses in the future;

5. Physical impairment in the past and in the future;

6. Physical disfigurement in the past and in the future.

7.    Lost earnings in the past; and

8.    Damage to earning capacity in the future.

## X.

### SURVIVORSHIP CLAIM

As a result of the injuries caused to Decedent Terri Thompson Kirkland, Decedent suffered conscious physical pain and suffering, mental anguish, physical impairment and incapacity and emotional distress prior to her death as her condition and fear continued to worsen.  Her estate sustained healthcare, funeral and burial expenses as a result of her negligent injuries and death.  The estate sues for all these damages under the Texas Survivorship Statute.  Ricky Wayne Kirkland is the proper representative of the Decedent's estate.

## XI.

### WRONGFUL DEATH CLAIM

As a result of the death of Decedent, Plaintiff has sustained loss of companionship and society for the loss of the positive benefits flowing from the love, comfort, companionship and society that Plaintiff would in reasonable probability have received from Decedent had she lived and, in reasonable probability, will continue to suffer such losses in the future.  Plaintiff has suffered a loss of household and domestic services as a result of the death of Terri Thompson Kirkland.

As a result of the death of Terri Thompson Kirkland, Plaintiff has suffered mental anguish in the form of the emotional pain, torment and suffering experienced because of Terri Thompson Kirkland's death, and in reasonable probability, will continue to suffer mental anguish in the future.

Plaintiff, as statutory beneficiary under the Texas Wrongful Death Statute, sues for all pecuniary losses, including but not limited to loss of earning capacity past and future, loss of inheritance, loss of all reasonable contributions of pecuniary value, loss of companionship, advice, society, counsel, maintenance, support, and mental anguish under said statute.

### XII.

### ACTUAL AND EXEMPLARY DAMAGES

Plaintiff seeks punitive or  exemplary damages against defendants in the maximum amount allowed by law or in such other amount as a jury determines appropriate as well as Plaintiff's full actual damages against said defendants for wrongful death claims of the survival damages from the claims of the estate of Plaintiff's wife.

### XIII.

### APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiff's application for a Temporary Restraining Order is authorized by Tex. Civ. Pract. & Remedies Code §65.011, subsections (1), (2), and/or (5).  Following are the facts which necessitate such injunctive relief:

On May 16, 2016 experts for Plaintiff and Defendants inspected the tractor and trailer involved in the accident in Columbia, Mississippi.  Unfortunately, while Plaintiff's expert made every attempt, not all elements of the inspection were able to be accomplished that day.  Counsel for Defendant agreed to hold the truck for 48 hours after the inspection.  On May 18th, counsel for Plaintiff provided counsel for Defendant

with a letter requesting that the 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) and the 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) involved in this collision be held an additional week and requesting various items be preserved i.e. the alternator, the battery, the rear LED lights of the trailer, and the SD card from the tractor's GPS unit. These requests by Plaintiff went unacknowledged by counsel for Defendant. The information sought to be preserved is potentially vital evidence in the case.

Plaintiff is willing to post bond.

XIV.

If Plaintiff's application is not granted, harm is imminent because evidence of the cause of Plaintiff's damages and the party or parties responsible will be destroyed, removed, altered, or otherwise rendered unusable as evidence. The harm that will result if this temporary restraining order is not issued is irreparable because Plaintiff, without the evidence as it presently is found, will be unable to reconstruct and determine the cause of the accident and other contributing conditions. Plaintiff has no adequate remedy at law if such evidence is destroyed, removed, altered or otherwise rendered unusable for the above-stated reasons. The property and rights involved are unique and irreplaceable, so that it will be impossible to accurately measure, in monetary terms, the damages caused by the Defendants' conduct. There is insufficient time to serve notice on the Defendants and hold a hearing on the application. Plaintiff stands willing and able to post bond.

The restraining order should be entered ex parte because there is not enough time to serve notice on Defendants and to hold a hearing on this application because the tractor and trailer may already be released.

Page 10

## XV.

## REQUEST FOR TEMPORARY INJUNCTION

Plaintiff asks the Court to set Plaintiff's Application for Temporary Injunction for hearing no later than 14 days from the signing of this Restraining Order and, after the hearing, issue a temporary injunction against Defendants, BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. ordering preservation of the following:

1)   The 1998 Peterbilt tractor (VIN: 1XP5DR9X6WN454763) and the 2007 Fontaine flatbed trailer (VIN: 13N14830971541972) believed to be owned by BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC., and/or CRAVIN BROCK, INDIVIDUALLY, involved in the accident in question, and the alternator, the battery, the rear LED lights of the trailer, and the SD card from the tractor's GPS unit.

Plaintiff has joined all indispensable parties under Tex.R. Civ. P. 39.

## XVI.

## CONDITIONS PRECEDENT

All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## XVII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff RICKY WAYNE KIRKLAND, INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE OF THE ESTATE OF TERRI THOMPSON KIRKLAND, DECEASED prays that a Temporary Restraining Order be issued against Defendants BUCKLEY TRANSPORT, INC., BUCKLEY TRANSPORT LOGISTICS, INC. and CRAVIN BROCK, INDIVIDUALLY, which specifically restrains them from conducting any testing, downloading, and removal of equipment on the tractor

trailer in question and/or put it back into service; that Plaintiff have judgment against the

Defendant; that Plaintiff recover actual damages in an amount within the jurisdictional

amounts of this honorable Court, that Plaintiff have pre-judgment interest at the

maximum legal rate and post-judgment at the maximum legal rate; that Plaintiff recover

his costs of Court in this action expended; that Defendants be cited to appear and

answer this petition, and for such other relief to which Plaintiff may be entitled.

Respectfully submitted,

By_____

Christopher S. Smith
State Bar No. 24002960
SMITH LAW FIRM, P.L.L.C.
1006 Green Avenue
Orange, TX 77630
TEL  (409) 886-7766
FAX (409) 886-7790
chris@smithlawfirmtx.com

and

Stephen C. Howard
State Bar No. 10079400
Law Office of Stephen C. Howard
903 Green Avenue
Orange, TX 77630
TEL (409) 883-0202
FAX (409) 883-0209
steve@stevehowardlaw.com

ATTORNEYS FOR PLAINTIFF RICKY WAYNE
KIRKLAND, INDIVIDUALLY, AND AS
PERSONAL REPRESENTATIVE OF THE
ESTATE OF TERRI THOMPSON KIRKLAND,
DECEASED

FILED: 6/30/2016 12:32:59 PM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NO. A160163-C

| | | |
|---|---|---|
| RICKY WAYNE KIRKLAND, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF TERRI THOMPSON KIRKLAND, | § | |
| DECEASED | § | |
|     Plaintiffs | § | |
| | § | ORANGE COUNTY, TEXAS |
| vs. | § | |
| | § | |
| BUCKLEY TRANSPORT, INC., | § | |
| BUCKLEY TRANSPORT LOGISTICS, | § | |
| INC., AND CRAVIN BROCK, | § | |
| INDIVIDUALLY | § | |
|     Defendants | § | 128th JUDICIAL DISTRICT |

## DEFENDANT, BUCKLEY TRANSPORT INC.'S, ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant **BUCKLEY TRANSPORT, INC.**, and files Defendant's Original Answer to Plaintiff, Ricky Wayne Kirkland, Individually, and as Personal Representative of the Estate of Terri Thompson Kirkland's Original Petition, and would respectfully show the Court as follows:

### I.

Defendant generally denies within the contemplation of Rule 92, Tex. R. Civ. P., each and every, all and singular, the allegations of Plaintiffs' claims and causes of action, and respectfully requests the Court require Plaintiffs to prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.

Defendant pleads the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and request that the Court expressly direct the trier of fact to determine the percentage of responsibility of each Plaintiff, Defendant, Settling Person and

**III.**

Defendant pleads the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and request that the Court expressly direct the trier of fact to determine the percentage of responsibility of each Plaintiff, Defendant, Settling Person and Responsible Third Party.

**IV.**

Defendant says that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the actions, omissions, fault, negligence, responsibility, or other conduct on the part of persons and/or responsible third-parties over whom Defendant is not legally responsible under law and over whom this Defendant had no right of control.

**V.**

Defendant would show that Defendant breached no duty to Plaintiffs.  Defendant would show that the alleged risk of harm to Plaintiffs was not within the scope of any duty of Defendant, nor was it foreseeable.

**VI.**

Defendant pleads TEX.CIV.PRAC. & REM.CODE § 33, and asks the Court and jury to consider the relative damages and conduct of the parties and all tortfeasors, and accord Defendant full benefit of said law.  Said Defendant is entitled to an offset, credit, or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, responsible third parties, and/or tortfeasors to Plaintiffs.

**VII.**

2

Pleading further, and with respect to the exemplary and/or punitive damage claims brought herein, Defendant affirmatively pleads the limitation on the recovery of exemplary damages prescribed and set forth in the TEX. CIV. PRAC. & REM. CODE §§41.007 and 41.008.

## VIII.

Pleading further, and with respect to any claim for exemplary and/or punitive damages herein, Defendant specifically pleads that such claims are governed by the evidentiary standard of clear and convincing evidence as prescribed and set forth in the TEX. CIV. PRAC. & REM. CODE §41.003.

## IX.

Pleading further, and without waiving the foregoing, at the time and on the occasion of the incident in question, Defendant driver was acting under a sudden emergency as that term is known in law and acted in as a reasonably prudent person would have acted under the same or similar sudden emergency.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **BUCKLEY TRANSPORT, INC.**, respectfully requests that Plaintiffs take nothing by this suit against Defendant, that Defendant be discharged, and that the Court grant such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

LeClairRyan

By: _____

MARIA L. FOX
State Bar No.: 07335250
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 752-8347
Facsimile:  (713) 650-0027

Email: maria.fox@leclairryan.com

**ATTORNEY FOR DEFENDANT**
**BUCKLEY TRANSPORT, INC.**

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned attorney certifies that a true and correct copy of the above and foregoing document has been forwarded to all counsel of record as listed below by e-filing, hand delivery, regular mail, by certified mail, return receipt requested, and/or by facsimile transmission, on this the _____30_____ day of _____June_____, 2016.

Christopher S. Smith
Smith Law Firm, PLLC
1006 Green Avenue
Orange, Texas 77630

Stephen C. Howard
Law Offices of Stephen C. Howard
903 Green Avenue
Orange, Texas 77630

_____
MARIA L. FOX

4

**LaBorde, Kathy A.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, June 30, 2016 12:34 PM |
| **To:** | LaBorde, Kathy A. |
| **Subject:** | eFileTexas.gov - Filing Submitted - 11420744 |



# Filing Submitted
### Envelope Number: **11420744**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Filing Details | |
|---|---|
| Court | Orange County |
| Date/Time Submitted: | 6/30/2016 12:32:59 PM CDT |
| Filing Type: | Answer/Response |
| Activity Requested: | EFileAndServe |
| Filed By: | Kathy Laborde |

| Fee Details | |
|---|---|
| This envelope is pending review and fees may change. | |
| Case Fee Information | $0.00 |
| Answer/Response | $0.00 |

**Total: $0.00** (The envelope still has pending filings and the fees are subject to change)

| Document Details | |
|---|---|
| **Lead File:** | Defendant Buckley Transport, Inc.'s Original Answer.pdf |
| **Lead File Page Count:** | 4 |
| **File Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=0018b3c8-75c2-4595-8d4c-68b9e003dba4<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| Need Help? Help<br>Visit: https://efiletexas.gov/contacts.htm<br>Email: support@eFileTexas.gov |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

# Envelope Information

**Envelope Id**
11420744

**Submitted Date**
6/30/2016 12:32 PM CDT

**Submitted User Name**
Kathy.Laborde@leclairryan.com

# Case Information

**Location**
Orange County - District Clerk

**Category**
Civil - Injury or Damage

**Case Type**
Motor Vehicle Accident

**Case #**
A160163-C

**Assigned to Judge**
128TH JUDGE COURTNEY ARKEEN

**Firm Name**
LeClairRyan

**Filed By**
Kathy Laborde

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/Response

**Filing Description**
Defendant Buckley Transport, Inc.'s
Original Answer

**Reference Number**
55406.1725

**Filing Status**
Accepted

**Accepted Date**
6/30/2016 1:07 PM CDT

**Accept Comments**
THANK YOU DENISE SMITH

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant Buckley Transport, Inc.'s Original Answer.pdf | Defendant Buckley Transport, Inc.'s Original Answer | Does Not Contain Sensitive Data | Original File Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Christopher S. Smith | Smith Law Firm, PLLC | Yes | 6/30/2016 12:54 PM CDT |
| Sent | Stephen C. Howard | Stephen C. Howard | Yes | Not Opened |
| Sent | Maria L Fox | Cotton, Bledsoe, Tighe & Dawson, P.C. | Yes | Not Opened |

| Sent | Heidi Williams | LeClair Ryan | | Yes | Not Opened |

## Parties with No eService

| Name | Address |
|---|---|
| Buckley Transport, Inc. | |

| Name | Address |
|---|---|
| Buckley Transport Logistics, Inc. | |

| Name | Address |
|---|---|
| Cravin Brock | |

## Fees

### Answer/Response

| Description | Amount |
|---|---|
| Filing Fee | $0.00 |
| | **Filing Total: $0.00** |

| Total Filing Fee | $0.00 |
|---|---|
| | **Envelope Total: $0.00** |

| Party Responsible for Fees | Buckley Transport, Inc. | Transaction Amount | $0.00 |
|---|---|---|---|
| Payment Account | LeClairRyan E-filing (MASTERCARD 3089) | Transaction Id | 18345920 |
| Filing Attorney | Maria Fox | Order Id | 011420744-0 |
| Filer Type | Not Applicable | Transaction Response | Authorized |

© 2016 Tyler Technologies

Version: 3.13.6.52

FILED: 6/30/2016 12:35:16 PM
Vickie Edgerly, District Clerk
Orange County, Texas
By: Denise Smith, Deputy

CAUSE NO. A160163-C

| | | |
|---|---|---|
| RICKY WAYNE KIRKLAND, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF TERRI THOMPSON KIRKLAND, | § | |
| DECEASED | § | |
|     Plaintiffs | § | |
| | § | ORANGE COUNTY, TEXAS |
| vs. | § | |
| | § | |
| BUCKLEY TRANSPORT, INC., | § | |
| BUCKLEY TRANSPORT LOGISTICS, | § | |
| INC., AND CRAVIN BROCK, | § | |
| INDIVIDUALLY | § | |
|     Defendants | § | 128th JUDICIAL DISTRICT |

## DEFENDANT, BUCKLEY TRANSPORT LOGISTICS INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant **BUCKLEY TRANSPORT LOGISTICS, INC.**, and files Defendant's Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

### I.

Defendant generally denies within the contemplation of Rule 92, Tex. R. Civ. P., each and every, all and singular, the allegations of Plaintiffs' claims and causes of action, and respectfully requests the Court require Plaintiffs to prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### II.

Defendant alleges that at the time and place and on the occasion in question, Plaintiff, Ricky Wayne Kirkland, failed to exercise that degree of care which an ordinary prudent person in the exercise of ordinary care would have exercised in the same or similar circumstances, and

such failure proximately caused or contributed to cause the occurrence made the basis of this suit.

## III.

Pleading further, this Defendant specifically denies that it is a proper party.  Defendant specifically denies that it employed the driver in question. Further, Defendant specifically denies that it owned the tractor or trailer in question.

## IV.

Defendant pleads the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, and request that the Court expressly direct the trier of fact to determine the percentage of responsibility of each Plaintiff, Defendant, Settling Person and Responsible Third Party.

## V.

Defendant says that the occurrence in question, as well as the damages complained of herein, were proximately caused or producingly caused, in whole or in part, by the actions, omissions, fault, negligence, responsibility, or other conduct on the part of persons and/or responsible third-parties over whom Defendant is not legally responsible under law and over whom this Defendant had no right of control.

## VI.

Defendant would show that Defendant breached no duty to Plaintiffs.  Defendant would show that the alleged risk of harm to Plaintiffs was not within the scope of any duty of Defendant, nor was it foreseeable.

## VII.

Defendant pleads Tex.Civ.Prac. & Rem.Code § 33, and asks the Court and jury to consider the relative damages and conduct of the parties and all tortfeasors, and accord Defendant full benefit of said law.  Said Defendant is entitled to an offset, credit, or percentage reduction based upon a determination of the relative fault of all persons and tortfeasors or upon the amount of money paid by all other Defendants, responsible third parties, and/or tortfeasors to Plaintiffs.

## VIII.

Pleading further, and with respect to the exemplary and/or punitive damage claims brought herein, Defendant affirmatively pleads the limitation on the recovery of exemplary damages prescribed and set forth in the Tex. Civ. Prac. & Rem. Code §§41.007 and 41.008.

## IX.

Pleading further, and with respect to any claim for exemplary and/or punitive damages herein, Defendant specifically pleads that such claims are governed by the evidentiary standard of clear and convincing evidence as prescribed and set forth in the Tex. Civ. Prac. & Rem. Code §41.003.

## X.

Pleading further, and without waiving the foregoing, at the time and on the occasion of the incident in question, Defendant driver was acting under a sudden emergency as that term is known in law and acted in as a reasonably prudent person would have acted under the same or similar sudden emergency.

**WHEREFORE, PREMISES CONSIDERED,** Defendant **BUCKLEY TRANSPORT LOGISTICS, INC.,** respectfully requests that Plaintiffs take nothing by this suit against Defendant,

that Defendant be discharged, and that the Court grant such other and further relief, both general and

special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**LeClairRyan**

By: _____
   **MARIA L. FOX**
   State Bar No.: 07335250
   1233 West Loop South, Suite 1000
   Houston, Texas  77027
   Telephone: (713) 752-8347
   Facsimile:  (713) 650-0027
   Email: maria.fox@leclairryan.com

**ATTORNEYS FOR DEFENDANT,
BUCKLEY TRANSPORT LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing

document has been forwarded to all counsel of record as listed below by e-filing, hand delivery,

regular mail, by certified mail, return receipt requested, and/or by facsimile transmission, on this the

_____ day of _____, 2016.

Christopher S. Smith
Smith Law Firm, PLLC
1006 Green Avenue
Orange, Texas 77630

Stephen C. Howard
Law Offices of Stephen C. Howard
903 Green Avenue
Orange, Texas 77630

_____
MARIA L. FOX

4

**LaBorde, Kathy A.**

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **Sent:** | Thursday, June 30, 2016 12:36 PM |
| **To:** | LaBorde, Kathy A. |
| **Subject:** | eFileTexas.gov - Filing Submitted - 11420812 |



# Filing Submitted
### Envelope Number: **11420812**

The filing below has been submitted to the clerks office for review. Please allow up to 24 business hours for clerk office processing.

| Filing Details | |
|---|---|
| **Court** | Orange County |
| **Date/Time Submitted:** | 6/30/2016 12:35:16 PM CDT |
| **Filing Type:** | Answer/Response |
| **Activity Requested:** | EFileAndServe |
| **Filed By:** | Kathy Laborde |

| Fee Details | |
|---|---|
| This envelope is pending review and fees may change. | |
| Case Fee Information | $0.00 |
| Answer/Response | $0.00 |

**Total: $0.00 (The envelope still has pending filings and the fees are subject to change)**

| Document Details | |
|---|---|
| **Lead File:** | Defendant Buckley Transport Logistics Inc.'s Original Answer.pdf |
| **Lead File Page Count:** | 4 |
| **File Copy** | https://efile.txcourts.gov/ViewDocuments.aspx?FID=f78080ac-4096-401f-8547-da67e13824cf<br>This link is active for 35 days. |

| Contact your service provider with any questions |
|---|
| Need Help? Help<br>Visit: https://efiletexas.gov/contacts.htm<br>Email: support@eFileTexas.gov |

Please do not reply to this email. It was generated automatically by eFileTexas.gov

Case 1:16-cv-00261-RC    Document 1-1    Filed 06/30/16    Page 55 of 56 PageID #:  63
6/30/2016
eFiling for Texas - Envelope Receipt

# Envelope Information

**Envelope Id**
11420812

**Submitted Date**
6/30/2016 12:35 PM CDT

**Submitted User Name**
Kathy.Laborde@leclairryan.com

# Case Information

**Location**
Orange County - District Clerk

**Category**
Civil - Injury or Damage

**Case Type**
Motor Vehicle Accident

**Case #**
A160163-C

**Assigned to Judge**
128TH JUDGE COURTNEY ARKEEN

**Firm Name**
LeClairRyan

**Filed By**
Kathy Laborde

# Filings

**Filing Type**
EFileAndServe

**Filing Code**
Answer/Response

**Filing Description**
Defendant Buckley Transport Logistics
Inc.'s Original Answer

**Reference Number**
55406.1725

**Filing Status**
Accepted

**Accepted Date**
6/30/2016 1:07 PM CDT

**Accept Comments**
THANK YOU DENISE SMITH

## Lead Document

| File Name | Description | Security | Download |
|---|---|---|---|
| Defendant Buckley Transport Logistics Inc.'s Original Answer.pdf | Defendant Buckley Transport Logistics Inc.'s Original Answer | Does Not Contain Sensitive Data | Original File Court Copy |

## eService Details

| Status | Name | Firm | Served | Date Opened |
|---|---|---|---|---|
| Sent | Christopher S. Smith | Smith Law Firm, PLLC | Yes | 6/30/2016 12:55 PM CDT |
| Sent | Stephen C. Howard | Stephen C. Howard | Yes | Not Opened |
| Sent | Maria L Fox | Cotton, Bledsoe, Tighe & Dawson, P.C. | Yes | Not Opened |

| Sent | Heidi Williams | LeClair Ryan | Yes | Not Opened |
|------|----------------|--------------|-----|------------|

## Parties with No eService

**Name**
Buckley Transport, Inc.                           **Address**

**Name**
Buckley Transport Logistics, Inc.                 **Address**

**Name**
Cravin Brock                                      **Address**

## Fees

### Answer/Response

| Description | Amount |
|-------------|--------|
| Filing Fee | $0.00 |

**Filing Total: $0.00**

| | Amount |
|---|--------|
| Total Filing Fee | $0.00 |

**Envelope Total: $0.00**

| Party Responsible for Fees | Buckley Transport Logistics, Inc. | Transaction Amount | $0.00 |
|---|---|---|---|
| Payment Account | LeClairRyan E-filing (MASTERCARD 3089) | Transaction Id | 18345994 |
| Filing Attorney | Maria Fox | Order Id | 011420812-0 |
| Filer Type | Not Applicable | Transaction Response | Authorized |

© 2016 Tyler Technologies

Version: 3.13.6.52